

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable John H. Winters
Executive Director
State Department of Public Welfare
Austin 3, Texas

Dear Sir:

Opinion No. O-7274

Re: Authority of the Department of Public Welfare to accept title to realty from a recipient of assistance

Your request for opinion on the captioned matter has been given careful consideration. Such request reads as follows:

"An old age assistance recipient who owns her homestead free of encumbrances has expressed a desire to deed her homestead to the Department as repayment for the services rendered her during her life. The deed is to be effective upon her death.

"Reference is made to your Opinion No. O-6570-A dated June 19, 1945 in which you expressed an opinion that the Department of Public Welfare was not authorized by law to accept repayment for assistance rendered unless it is established that the assistance received was obtained by fradulent means. In this same opinion you pointed out that although the Department could not accept repayment that it might accept a gift. The question under consideration at that time evolved around the acceptance of a cash gift of approximately $2,000.

"We realize that the principle would probably be the same whether the property is in the form of cash or realty. We shall appreciate your opinion, however, in respect to the authority of the State Department of Public Welfare to accept real estate from one of the recipients.

CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"If real property may be accepted, would it make any difference as to whether the Department is given immediate title to the property, or if the transfer is effective upon the death of the recipient?

"Would it make any difference if the transfer is in the form of a deed to be effective upon the death of the recipient or in the form of a will?

"If the Department is authorized to accept such a gift, who under the law would be responsible for the acceptance and utilization of the property upon the effective date of the transfer?"

We have examined most carefully the Public Welfare Act of 1941 (Article 6950, V.A.C.S.) but are not able to find any authorization to the Department to accept or hold title to real estate, nor can such power be implied to it from the powers, duties and functions granted and imposed upon it by the Act.

There is nothing in law, however, which would prevent transferring the title to real estate to a trustee, with instructions to him to sell the property and deliver the proceeds to the State Treasurer, who, under Section 27 (2) of the Act, is authorized to receive moneys for the benefit of the funds named in said Section 27.

It would make no difference whether this transfer to the trustee be made in praesenti or to take effect upon the death of the recipient, or made by the will of the recipient.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JUN 20 1946

FIRST ASSISTANT
ATTORNEY GENERAL

By Arthur L. Moller
Arthur L. Moller
Assistant

ALM:ms

